

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILLIAMSON~~

ATTORNEY GENERAL

Honorable R. A. Taylor, Jr.
County Attorney
Zavalla County
Crystal City, Texas

Dear Sir:

Opinion No. 0-3743
Re: Authority of county judge,
inducted as reserve officer into
active military service of the
United States, to continue to
hold the office of county judge;
his authority to appoint a
deputy or assistant to act during
his absence, and related questions.

We have for acknowledgement your letter requesting the
opinion of this department upon the following questions:

"(1)  Can a County Judge, who holds a com-
mission in the Officers Reserve Corps of the United
States, continue to hold the office of County Judge
after being called in and inducted for active duty
as an officer in the Officers Reserve Corps of the
United States?

"(2)  If so, should a special judge be ap-
pointed to act in his stead during the period of
his active service, or could he appoint an assistant
to act during said period, and to what compensation
would the special judge or assistant judge be en-
titled where the regular judge is paid on a fee and
ex-officio salary basis?

"(3)  If not, would said County Judge, by ac-
cepting assignment and being inducted for active duty
as an officer in the Officers Reserve Corps of the
United States, abandon the office of County Judge
and thus create a vacancy which should be filled by
an appointment by the Commissioners' Court?"

Your first question must be answered in the affirmative,
upon the authority of Carpenter v. Sheppard, 145 S.W. (2d) 562.
As an original proposition, we were of the same opinion that you
express concerning the interpretation to be placed on Article 16,

Section 40 of the Texas Constitution, -- that is, that the purpose of the proviso is, as you put it, "to except such officers so long as they are inactive and not on active duty . . . ." However, this precise contention was presented to the Supreme Court by this department in the case of Carpenter v. Sheppard, and the court overruled it. In that case, the Supreme Court held that an officer of the Texas National Guard ordered as such into the active military service of the United States and engaged as an officer in such service, remained "so far as Texas is concerned" as respects the application of the proviso to Article 16, Section 40, an officer in the Texas National Guard. In other words, the court in such case held that the officer is classified, for the purposes of the proviso to Article 16, Section 40, according to the status of his origin . . . . that the proviso was intended by the people to apply to the National Guard officer even after he acquired the status of an officer in the active military service of the United States, since he was ordered into that service by virtue of his original status as National Guard officer.

This holding cannot logically or reasonably be restricted to National Guardsmen, but must also be applied to persons in the other classifications. Hence, an officer of the Reserve Corps, ordered as such into active service, still occupies, so far as the application of the proviso to Article 16, Section 40, is concerned, his status of origin, to-wit, the status of officer of the Reserve Corps.

Your second question is answered to the effect that a special judge, if the county judge fails to appear at the time for holding the court, or should be absent during the time or unable or unwilling to hold the court, should be elected in the manner provided by Article 1934, R.C.S.

It is our opinion that Article 3902, R.C.S. does not authorize the county judge to appoint a deputy or assistant to act as county judge during the period of his absence.

It is a familiar rule that judicial authority cannot be delegated. The office of county judge is created by the Constitution, and the manner by which it is to be filled is provided in that document. The duties of the county judge require for their execution the exercise of judgment and discretion. The people, by electing a county judge, repose special confidence in the judgment and discretion of the person thus elected to fill the office. It may be doubted whether the Legislature in such circumstances, may create the office of deputy or assistant county judge and permit the county judge to delegate the exercise of his judicial power to such deputy or assistant. Parenthetically, it is significant that the office of "deputy" or "assistant" judge is, so far as we can determine, unknown to our system of jurisprudence.

Whatever the scope of the legislative power may be, however, we think it clear that the authority to delegate the exercise of judicial power, or the authority directly conferred by the Legislature upon the "deputy" to exercise it, must be express. It is not to be inferred from the mere permission to appoint deputies, assistants, and clerks, for the nature of the authority to be exercised by such subordinates is not prescribed by law. In such instance, it is rather to be assumed that the Legislature contemplates the delegation to the deputy or assistants of the authority to discharge ministerial or administrative functions of the principal office.

No statue creates or defines the powers and duties of the office of "deputy" or "assistant" county judge. For the reason stated above, we hold that Article 3902 does not authorize the appointment by the county judge of a deputy or assistant vested with authority to act as the county judge himself might with respect to matters involving the exercise of judgment and discretion, or the exercise of the judicial power.

With respect to the second branch of your second question, to-wit, as to the compensation to be paid the special judge elected under Article 1934, where the regular judge is paid on a fee and ex officio salary basis, it is the opinion of this department that the Legislature has failed to provide any compensation to be paid a special county judge elected under the provision of Article 1934, and, therefore, such special county judge is not entitled to receive any compensation. Frasier v. Dundy County (Neb.) 213 N.W. 371.

Article 1930 through and including Article 1933, R.C.S., providing for a special judge to be agreed upon by the parties or appointed by the Governor in the instance where the judge of the county court is disqualified to try a civil case pending in that court, were passed by Acts of Legislature, 1893, at Page 75. In that law no provision was made for the election of a special judge in event of the absence, inability, or unwillingness to hold the court of the regular county judge. That law, however, provided as follows:

"... . Any special judge agreed upon or appointed to try cases shall receive the same pay for his services as is provided by law for county judge."

It is obvious, therefore, that at the time this law was passed, the words "agreed upon" had reference to the special judge agreed upon by the parties, and the words "appointed to try cases" had reference to the special county judge appointed by the Governor.

By Acts, 1897, page 7, the Legislature amended the chapter providing for the appointment of special judges by an act the caption of which reads as follows:

"An Act to be Entitled an Act to Amend Chapter 1, Title 29 of the Revised Civil Statutes of the State of Texas, adopted at the Regular Session of the 24th Legislature, and to add to said chapter two articles, numbered 1132b and 1132c, respectively, 'providing for the election and qualification of special county judges in case of the absence of the regular county judge or of his inability or refusal to hold court; and providing further for the election of a judge when said special judge is absent or is unable or refuses to act.'"

This act made no provision for the compensation of such special county judges so elected. Such act has been brought forward in the present codification, without substantial change, as Article 1934. It will be observed that this article still fails to provide for any compensation for a special judge elected under said circumstances.

The failure of the Legislature to provide for compensation for a special county judge elected under Article 1934 may have been inadvertent, or it may have been intentional. We are not permitted to speculate upon this. As pointed out in the case of Frasier v. Dundy County, above-cited, it is a sufficient answer to any claim that the special county judge so elected should be entitled to compensation, to point out that the law fails to provide for such compensation.

Your third question, as to whether the county judge, by accepting assignment and being inducted for active duty as an officer in the Officers Reserve Corps of the United States, would thus abandon the office of county judge and create a vacancy to be filled by appointment of the commissioners' court, is answered by our Opinion No. 0-3448, copy of which is enclosed herewith for your information.

Yours very truly,

Approved Opinion
Committee By s/BWB
Chairman

ATTORNEY GENERAL OF TEXAS

By s/R.W. Fairchild
   Richard W. Fairchild
   Assistant

RWF:fs:wc
Enclosure

APPROVED AUG 11, 1941 s/GERALD C. MANN ATTORNEY GENERA OF TEXAS